CHARLES McDUFFIE v. JOHN MAGOON, JR. & HORACE FIFIELD.

*Promissory Notes.    Condition.    Evidence.*

A condition to a promissory note, that if the amount of the note is not *legally* due, upon certain other notes, which are named in the condition, upon which payments had been made, this note is not to be paid, otherwise it is to be paid, is in the nature of a defeasance or condition subsequent, and is for the benefit of the makers, and the burden of proof will lie upon those, for whose benefit the condition was annexed.

McDuffie *v.* Magoon.

It is not admissible to show by *parol evidence* that the notes named in the condition, were by mistake originally made too large; nor is it competent to show by parol evidence, that the contract was different from that expressed in the note.

But if the mistake is apparent on the face of the contract, when taken in connec tion with the note, it will be a defense to that extent.

In cases where nothing appears to show upon which count a verdict is taken, and some of the counts are good, and some bad, the presumption is, that the verdict was upon the good count. *Whitcomb* v. *Wolcott,* 21 Vt. 368.

ASSUMPSIT on a promissory note.

Plea, *non assumpsit* and issue to the court.

On the trial the plaintiff read in evidence the note, of which the following is a copy:

"March 17, 1853. For value received I promise Charles
" McDuffie, to pay him or bearer twenty-three dollars and eighty-
"seven cents, on demand, with interest annually. Provided however
" that if said sum of $23,87 is not legally due to Joseph Bell's estate,
" on seven promissory notes, signed by John Magoon, Jr., in all for
" $324,90—dated March 10, 1842, and specified in a contract of
" that date, between Joseph Bell and said John Magoon, Jr., ac-
" cording to the conditions of said contract, in addition to the sum
" of $128,26, paid on said notes Feb. 26, 1852, and $439,39 paid
" on those notes this day, then the said sum of $23,87, as describ-
" ed in the above note, is not to be paid, otherwise it is to be
" paid.

(Signed,)          "JOHN MAGOON, JR.
                          " H. FIFIELD, Surety."

The execution and delivery was conceded by the defendants, and the plaintiff gave no further evidence in the case.

The defendants then read in evidence a writing signed by Joseph Bell, of which the following is a copy: " I agree with John
" Magoon, Jr., to make the deed within named on his payment to
" me of his seven promissory notes of this date, for $324,90 on de-
" mand; $50 by January 1, 1843; $50 by January 1, 1844; $50
" by January 1, 1845; $50 by January 1, 1846; $50 by January
" 1, 1847; $50 by January 1, 1848, and the interest on the same
" annually, and all taxes I may have to pay, since April 1, 1840.
" March 10, 1842. (Signed,)          "JOSEPH BELL."

The foregoing writing was upon the back of a contract or

agreement made by one John McDuffie for said Bell, with the defendant, Magoon, by the terms of which agreement the said Magoon was to have a deed of certain lands in Topsham, upon the payment of the said notes executed by said .Bell. The lands were described in said agreement, and also the notes and time of payment.

The defendant offered parol evidence tending to prove that the notes, made to said Bell, and described in the said writing so signed by said Bell, were agreed to be, and intended to be made for the amount agreed on in the agreement made and signed by John Magoon, Jr., and said John McDuffie ; but that by mistake in casting interest from the wrong time, said notes were made too large by a sum greater than twenty three dollars and eighty-seven cents.

To the admission of this evidence the plaintiff objected, and the same was excluded by the court. To which decision defendants excepted.

The County Court, January Term, 1854,—COLLAMER, J., presiding,—found that defendants did assume and promise, &c., and the defendants filed a motion in arrest of judgment, which was overruled by the court.

Exceptions by defendants.

*Leslie & Dickey* for defendants. .

The county court erred in excluding the evidence offered by the defendants.

Because, by the terms of the note or contract declared upon and given in evidence, the defendants had the right, if the *onus probandi* was on them, to prove just what they offered to prove, and we insist, by *parol evidence.*

The object of the condition of the note was to allow the defendants to prove by *parol* or otherwise, that the seven notes given by Magoon to Bell, were in the aggregate made too large by mistake, and therefore not legally due.

It seems to us obvious from the terms of the note, and from the facts in the case, that it was understood by the parties, that *parol evidence* might be used to show the mistake in the notes given by Magoon to Bell; and it is difficult to see how the facts could be shown in any other manner. The testimony offered would not

McDuffie *v.* Magoon et al.

alter, vary, or contradict the contract declared on ; and was clearly admissible under the authority of *White* v. *Miller*, 22 Vt. 380. ·

The testimony was admissible, as tending to show a want of consideration. 1 Greenleaf on Ev. 334 § 248. It was also admissible as tending to show, that the whole amount of the note sued was not due. *Lewis* v. *Gray*, 1 Mass. 297.

. II. The county court also erred in finding that defendants did assume and promise, and in rendering judgment for plaintiff. Because, the evidence of plaintiff was not sufficient for that purpose. By the terms of the note, the plaintiff should have *alleged* and *proved* that the sum of money specified in the note declared on, was legally due on the seven promissory notes given by defendant, Magoon, to Bell, and referred to in the condition of said note and without proving that fact, the plaintiff was not entitled to a judgment.

The Supreme Court will revise and correct a judgment and finding of the county court, if the case shows that the whole of the testimony given was clearly and legally insufficient to support such a finding and judgment. *Emerson* v. *Young*, 18 Vt. 603.

III. The first count in plaintiff's declaration is defective, as it does not allege that the sum of money specified in the note declared on, or any other sum of money was legally due on the seven promissory notes given by defendant, Magoon, to Bell, and referred to in the condition of the note sued. It was necessary that it should have been so *alleged* and *proved,* in order to entitle plaintiff to a judgment.

The plaintiff did not set forth a cause of action, and therefore no presumption can be made, to sustain the finding of the court.

The case shows, that the only testimony given in the case was on the first count, which is defective, and the recovery of course, was had on the defective count, therefore judgment should have been arrested. *Needham* v. *McAuley*, 13 Vt. 68. *Camp* v. *Barker et al.*, 21 Vt. 469.

*J. W. D. Parker* for plaintiff.

The offer of the defendants to show by parol, that in casting interest, by mistake from a wrong time, said notes were made too large, was but to add to, vary, contradict, explain, or show mistake in the settlement of 1842, between Bell and Magoon, and therefore most clearly inadmissible.

XXVI          34

The same rule of law must exclude the evidence offered, to prove that the notes made to said Bell were agreed, and intended to be made for the amount agreed on in the writing on the opposite side of the same paper.   The authorities are strong and uniform on this point.  Bradley v. Anderson, 5 Vt. 152.  Bradley v. Bently, 8 Vt. 243.  Reed v. Wood, 9 Vt. 285.  Isaacs v. Elkins, 11 Vt. 609.  Raymond v. Roberts, 2 Aik. 204.  Jones v. Webber, 1 D. Chip. 215.  Brown v. Beebe, 1 D. Chip. 227.  1 Swift's Dig. 180.  1 Greenleaf on Ev. § 275, 276.  3 Wilson 275.

As to the motion in arrest.   The issue in this case was joined to and tried by the court.   It is even doubtful whether a motion in arrest can be interposed, at all, when the issue is formed, on trial by the court, as in Bliss v. Arnold et al., 8 Vt. 252.  Lincoln v. Blanchard, 17 Vt. 467.

If any count in the declaration of several, is good and the others defective, and a general finding for plaintiff, as in this case, by the court, on motion in arrest, the court will sustain the finding, unless it in some way appear. which it certainly does not in the case at bar, that the finding was on the defective count.  Whitcomb v. Wolcott, 21 Vt. 368.   Camp v. Barker et al., 21 Vt. 469.

Where all the counts in a declaration are for the same cause of action, but some of them are defective, and a general verdict is rendered for the plaintiff, the verdict may be applied to one of the good counts.  Payson v. Whitcomb, 15 Pick. 212.

The failure to oblige the performance of a condition precedent in an action on an agreement, is cured by verdict.  Bayley v. Clay, 4 Rand. 346.

The opinion of the court was delivered by

REDFIELD, Ch. J.   This is an action upon a note, with a certain condition annexed, in substance, that if the amount of the note is not legally due, upon certain other notes given by defendant, Magoon, to Joseph Bell, upon which certain payments had been made, this note is not to be paid, otherwise it is to be paid.   This condition is clearly in the nature of a defeasance, or condition subsequent, and for the benefit of the makers of the note, and where the burden of proof would lie upon those, for whose benefit the condition was annexed.   And how is this to be made out?   The words of the condition are "legally due."   These words have a determinate signification, from which we are not at liberty to de-

McDuffie *v.* Magoon et al.

part. The amount legally due upon a note might, in various modes, be affected by parol evidence, or by showing fraud, or want of consideration, or payments, not indorsed. But such evidence is not competent to show, that by mistake the notes were originally made too large. Such evidence no more shows a failure, or want of consideration, than when a note is given for one sum, as the price of a chattel sold, it makes out such a result, by proving that the price was in fact agreed to be less. The evidence, in both cases, shows the contract to be different, from that expressed in the note. Of this character was the evidence offered by the defendants. That the interest was reckoned from one time, when it should have been from another, is only showing a mistake, in the note, and really establishing a different contract. And it has repeatedly been decided, by this court, that such evidence is not competent, to defeat a note, at law. Such evidence had no tendency to show the amount " legally due " upon these notes, and was therefore properly rejected.

If the contract, in connection with the notes, showed the mistake clearly, without the necessity of the resort to parol evidence, the defense might probably be received. But we do not understand, that this appears from the contract, in connection with the notes, For something else might have been included in the notes, not specified in the contract, or the parties might have modified the written contract, at the time of executing the notes.

This point virtually disposes of the whole case. For if the burden of proof is, upon the defendants under this condition, then the count to which the proof seems to have been applicable, was sufficient. We could not here allow any presumption, that the verdict was taken upon the other counts, inasmuch as from the whole case, it appears the evidence was solely applicable to this count. In cases where nothing appears to show upon which count a verdict is taken, and some of the counts are good, and some bad, we now allow the same presumption, in favor of the proceedings, which we do in favor of all other proceedings of this character, and which was always allowed even in criminal proceedings, that it is more likely that the verdict was taken upon the good counts, than upon the bad ones. *Whitcomb* v. *Wolcott,* 21 Vt. 368, and other cases cited in argument.

Judgment affirmed.